IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | CIVIL ACTION NO.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND<br>INJUNCTIVE RELIEF SOUGHT |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Laura Fulton-Eddy who was adversely affected by such practices. As stated with greater particularity in paragraph 7 below, the United States Equal Employment Opportunity Commission alleges that Laura Fulton-Eddy was subjected to sexual harassment by Defendant's Assistant Manager George Lynn. The conduct was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Wal-Mart Stores, Inc. (the "Employer"), has continuously been an Arkansas corporation doing business in the State of Florida and the City of Bradenton, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Laura Fulton-Eddy filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February of 2002, Defendant Employer has engaged in unlawful employment practices at its Bradenton, Florida store #528, in violation of Section 703(a) of Title VII and 42 U.S.C. § 2000e-2(a).

    a. Laura Fulton-Eddy was subjected to sexual harassment by Defendant's Assistant Store Manager George Lynn in the form of unwelcome physical and verbal conduct

of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to: touching, pinching and grabbing of her breasts and buttocks; sexually suggestive comments; and requests for sex.

    b.    Defendant Employer is liable for the unlawful sexual harassment to which it subjected Laura Fulton-Eddy during part of her employment.

8. The effect of the conduct complained of in paragraph 7 above has been to deprive Laura Fulton-Eddy of equal employment opportunities and otherwise adversely affect her status as an employee on the basis of sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Laura Fulton-Eddy.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, or any other employment practice which discriminates on the basis of sex.

    B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all its employees regardless of sex, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant Employer to make whole Laura Fulton-Eddy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above including, but not limited to, medical expenses and out of pocket losses, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Laura Fulton-Eddy by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendant Employer to pay Laura Fulton-Eddy punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

ERIC S. DRIEBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

<div style="margin-left: 50%;">

s/Carla J. Von Greiff
CARLA J. VON GREIFF
Senior Trial Attorney
Florida Bar No. 0110566
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
501 East Polk Street
Suite 1000
Tampa, Florida 33602
Tel. (813) 228-2020
Fax (813) 228-2045

</div>